EAST SIDE CLINICAL LABORATORY

v.

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND.

No. 95–363–A.

Supreme Court of Rhode Island.

Oct. 3, 1996.

Mark L. Smith, North Smithfield.

Stephen P. Griffin, Providence.

### ORDER

This matter came before a panel of this Court pursuant to an order requiring the plaintiff, East Side Clinical Laboratory, to appear and show cause why its appeal should not be summarily denied. In this case plaintiff appealed from the entry of final judgment following the granting of a judgment as a matter of law for the defendant Blue Cross & Blue Shield of Rhode Island. After hearing counsel for the parties and reviewing memoranda submitted, the Court concludes that plaintiff has failed to show cause.

Plaintiff is a medical laboratory providing services to the subscribers of the defendant pursuant to a contract. In 1985, in accordance with the contract, defendant notified plaintiff that it was changing the coding system for billing services. The new system was contained in a manual known as the Current Physicians Procedural Terminology Manual, which plaintiff obtained.

Plaintiff experienced difficulty in determining the appropriate codes for urine colony tests and urine culture tests under the new system. Prior to 1985 these tests were billed using two separate codes. However after 1985 the tests were to be consolidated under one code. During a 1989 audit by defendant, it was discovered that plaintiff was overbilling defendant by charging for urine colony tests and urine culture tests using two separate codes.

In 1990 plaintiff filed suit for breach of contract, alleging that it had not been fully reimbursed for laboratory services. At trial before a jury, plaintiff claimed the billing system under the contract was ambiguous and thus should be construed against defendant. The evidence showed that plaintiff was using two codes that represented the same tests. The codes were distinguishable in that they represented different methods of performing these same tests. One code represented the urine colony and urine culture tests when performed manually and the other code represented the tests when performed with a commercial kit. Plaintiff admitted that it did not perform the tests with a commercial kit.

At the close of plaintiff's case the defendant moved for judgment as a matter of law. The trial judge found the contractual language to be clear and unambiguous and that plaintiff had failed to show any breach thereof. Accordingly, defendant's motion was granted.

It would appear that the billing agreement here was both clear and unambiguous. A reasonable jury could not have found otherwise. Therefore the trial judge properly en-

tered judgment as a matter of law in favor of the defendant.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers are remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.